IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY
FILED
Mar 20 2020
U.S. DISTRICT COURT
Northern District of WV

**DAVID COX,**

       **Plaintiff,**

v.

**ARMSTRONG HARDWOOD
FLOORING COMPANY,
BLAIR LOUK, and
STEVE SWECKER**

       **Defendants.**

CIVIL ACTION NO.: 2:20-CV-9 (Kleeh)
(Randolph County Civil Action No: 20-C-15)

## NOTICE OF REMOVAL

Defendant AHF, LLC d/b/a AHF Products ("AHF")[1], by counsel, removes this civil action from the Circuit Court of Randolph County, West Virginia, to the United States District Court for the Northern District of West Virginia, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. As more fully explained herein, removal is proper because this Court has subject matter jurisdiction over this action under federal question jurisdiction pursuant to 28 U.S.C. § 1331, and all of the other requirements of removal have been satisfied. The grounds for removal are as follows:

1.     This action originally was commenced in the Circuit Court of Randolph County, West Virginia on or about February 18, 2020, and is now pending in that court. Copies of the Summons and Complaint, which were duly filed in the office of the Clerk of the Circuit Court of Randolph County, and which are the only process or pleadings served on AHF, are attached as "Exhibit 1." The docket sheet from the state court action is attached as "Exhibit 2."

---

[1] The actual name of the corporate defendant is AHF, LLC d/b/a AHF Products, rather than the name listed in the Complaint. The corporate name should be corrected by an Agreed Order.

11137472v1

2. The Summons and Complaint were served upon AHF through the West Virginia Secretary of State, who accepted service of process on AHF's behalf on February 21, 2020.[2]

3. This Notice of Removal is timely under 28 U.S.C. §1446(b) because the same was filed within thirty (30) days after service of the Summons and Complaint.  Further, it is filed within one year of commencement of this action.

4. A Notice of Filing of Notice of Removal is being filed contemporaneously with the Clerk of the Circuit Court of Randolph County, West Virginia, a copy of which is attached hereto as "Exhibit 3."

5. Venue is proper in this Court because this District and Division encompass the Circuit Court of Randolph County, West Virginia, the forum from which the case has been removed.  *See* 28 U.S.C. § 1441.

6. Jurisdiction is vested in the Court pursuant to 28 U.S.C. § 1331. This case arises from Mr. Cox's employment at the hardwood flooring plant in Beverly, West Virginia operated by AHF. (Ex. 1, Compl. ¶ 9). Counts 3 and 4 of the Complaint allege that Mr. Cox's former employer and AHF's predecessor, Armstrong Flooring, Inc. ("Armstrong") terminated Mr. Cox's health insurance coverage, yet nevertheless deducted the premium from his paycheck. *Id.* at ¶¶ 56-68. Specifically, Mr. Cox alleges that Armstrong deducted the premium for his health insurance coverage even though it had already canceled his coverage. *Id.* at ¶ 63. Mr. Cox also alleges that he and Armstrong entered into an "implied contract for insurance benefits," which Armstrong allegedly breached by charging him for insurance premiums for a policy that it had already canceled. *Id.* at ¶¶ 67-68. While Mr. Cox styles Counts 3 and 4 as a violation of the West

---

[2] Defendants Blair Louk and Steve Swecker have not yet been served. Nevertheless, the undersigned counsel represents that they both consent to removal.

Virginia Wage Payment and Collection Act and a breach of contract action, respectively, these state-law causes of action seek to duplicate, supplement, or supplant the civil enforcement remedy Congress established in the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 – 1461 (2012).

       7.    Counts 3 and 4, despite Mr. Cox's style of the causes of action, seek to enforce his rights under an ERISA plan, and the state-law causes of action Mr. Cox seeks to bring therefore are completely preempted by ERISA. Counts 3 and 4 seek to vindicate Mr. Cox's rights under the health insurance plan he participated in while employed by Armstrong. A health insurance plan is an "employee welfare benefit plan" as defined by ERISA. 29 U.S.C. § 1002(1). ERISA comprehensively regulates such employee welfare benefit plans. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44 (1987). ERISA also provides a civil enforcement provision through which a plan beneficiary may sue to recover benefits under plan. *Id.* at 53; 29 U.S.C. § 1132(a)(1). The civil enforcement scheme is one of the "essential tools" for accomplishing ERISA's purpose. *Pilot Life*, 481 U.S. at 52. Congress clearly expressed its intent that ERISA's civil enforcement scheme be the exclusive remedy. *Id.* at 57. Accordingly, the Supreme Court of the United States holds that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004). Indeed, ERISA's civil enforcement scheme has such extraordinary preemptive power that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* (internal quotation and citation omitted). Consequently, causes of action that fall within ERISA's civil enforcement provision are removable to federal court. *Id.*

8.  Counts 3 and 4 meet both requirements to be completely preempted. The Supreme Court established a two-pronged test to determine whether a cause of action is completely preempted by ERISA: (1) Could the plaintiff have brought his claim under § 502(a)(1)(B) of ERISA; and (2) Is there any other independent legal duty implicated by the defendant's alleged actions. *Id.* at 210. Here, Mr. Cox alleges that Armstrong wrongfully terminated his coverage despite charging him a premium. (Ex. 1, Compl. ¶¶ 57, 68). Under § 502(a)(1)(B), "[i]f a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits." *Aetna*, 542 U.S. at 210. Alternatively, he can bring suit to enforce his rights under the plan. *Id.* Thus, Mr. Cox could have brought his claims under § 502(a)(1)(B). Turning to the second prong of the *Aetna* test, Mr. Cox alleges that Armstrong improperly canceled his health insurance while also deducting the premium from his paycheck. (Ex. 1, Compl. ¶¶ 57, 63, 68). Armstrong's right to deduct premiums and its obligation to provide coverage arise from the insurance plan. Thus, any duty implicated "derives entirely from the particular rights and obligations established by the benefit plans." *Aetna*, 542 U.S. at 213. Therefore, because Counts 3 and 4 seek only to rectify an allegedly wrongful denial of benefits promised under an ERISA-regulated health plan, these causes of action are completely preempted by ERISA and removable to federal court. *Id.* at 214.

9.  Because the Court has federal question jurisdiction over Counts 3 and 4, it also has supplemental jurisdiction of Mr. Cox's other state law claims. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 29 U.S.C. § 1367(a). A district court has supplemental jurisdiction over an

entire case when the state law claims and federal law claims "derive from a common nucleus of operative fact" such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding[.]" *United Mine Workers of Am. v. Gibbs*, 383 U.S 715, 725 (1966). Here, Mr. Cox's state and federal claims all arise out of a common nucleus of operative fact—his employment with, and discharge from employment with, Armstrong. Mr. Cox clearly expected to try all the causes of action in one judicial proceeding, as he included them all in the same pleading and sought damages for all four counts. *See* Compl. at 17-18.

10. This Court has original jurisdiction of this civil action because Counts 3 and 4 state claims arising under the laws of the United States, namely, ERISA. *See* 28 U.S.C. § 1331. The Court has supplemental jurisdiction of the remaining counts because they are so related to the federal claims that they form part of the same case or controversy. *See* 28 U.S.C. § 1367(a). Consequently, this action is removable to this Court. *See* 28 U.S.C. § 1441(a).

WHEREFORE, Defendant AHF, LLC d/b/a AHF Products submits that this matter is properly removed from the Circuit Court of Randolph County, West Virginia, to this Court.

Dated the 20th day of March, 2020.

Respectfully submitted,

/s/ **Mark G. Jeffries**
C. David Morrison (WV ID# 2643)
Mark G. Jeffries (WV ID # 11618)

STEPTOE & JOHNSON PLLC         400 White Oaks Blvd.
   Of Counsel                 Bridgeport, WV 26330
                               (304) 933-8000
                               david.morrison@steptoe-johnson.com
                               mark.jeffries@steptoe-johnson.com

                               *Counsel for Defendant AHF, LLC*
                               *d/b/a AHF Products*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**DAVID COX,**

       **Plaintiff,**

**v.**    **CIVIL ACTION NO.:**   3:20-CV-9 (Kleeh)
(Randolph County Civil Action No: 20-C-15)

**ARMSTRONG HARDWOOD**
**FLOORING COMPANY,**
**BLAIR LOUK, and**
**STEVE SWECKER**

       **Defendants.**

### CERTIFICATE OF SERVICE

I hereby certify that, on the 20th day of March, 2020, I electronically filed the foregoing "***Notice of Removal***" with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

    D. Adrian Hoosier, II, Esquire
    HOOSIER LAW FIRM, PLLC
    213 Hale St. – Suite 100
    Charleston, WV  25301
    adrian@hlfwv.com

    *Counsel for Plaintiff*

11137472v1

       I further certify that the foregoing document was sent to counsel of record for the Plaintiff by depositing a true and accurate copy thereof in the United States mail, postage prepaid, in an envelope marked with the above address.

|  |  |
|---|---|
|  | **/s/ *Mark G. Jeffries*** |
|  | C. David Morrison (WV ID# 2643) |
|  | Mark G. Jeffries (WV ID # 11618) |
| STEPTOE & JOHNSON PLLC | 400 White Oaks Blvd. |
|    Of Counsel | Bridgeport, WV 26330 |
|  | (304) 933-8000 |
|  | david.morrison@steptoe-johnson.com |
|  | mark.jeffries@steptoe-johnson.com |
|  | *Counsel for Defendant AHF, LLC d/b/a AHF Products* |